**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. _____ -CV- _____

HERIBERTO VALIENTE, individually and on
behalf of all others similarly situated,

    Plaintiffs,

LIFECORE FITNESS, INC. d/b/a ASSAULT
FITNESS,

    Defendant.
_____/

**NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1332,**
**1441(b) AND 1446 BY DEFENDANT AMERICAN DATABANK, LLC**

Pursuant to 28 U.S.C. §§ 1331, 1332, 1441, and 1446, Defendant Lifecore Fitness, Inc. dba Assault Fitness ("Defendant"), by the undersigned, its attorneys, hereby provides notice of removal of this action entitled *Heriberto Valiente v. Lifecore Fitness, Inc. dba Assault Fitness,* currently pending in the Circuit Court of the Eleventh Judicial Circuit in Miami-Dade County, Florida, Case Number 2022-009416-CA-01, to the United State District Court for the Southern District of Florida. In support of this removal, Defendant further states:

1. This is a civil action filed on or about May 23, 2022, by Plaintiff Heriberto Valiente ("Plaintiff") in the Circuit Court of the Eleventh Judicial Circuit in Miami-Dade County, Florida, Case Number 2022-009416-CA-01, captioned *Heriberto Valiente v. Lifecore Fitness, Inc. dba Assault Fitness* ("State Court Action").

2. Defendant was served with a copy of the Complaint on June 24, 2022.

3. Plaintiff generally alleges that Defendant violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 et seq., and the Florida Telephone Solicitation Act

("FTSA"), Fla. Stat. § 501.059, as amended by Senate Bill No. 1120.

4. The State Court Action may be removed to this Court because the Court has jurisdiction under under 28 U.S.C. §§ 1331, 1332, and 1441.

## I. THE PROCEDURAL REQUIREMENTS FOR REMOVAL HAVE BEEN SATISFIED

1. <u>Pleadings and process</u>. Pursuant to 28 U.S.C. § 1446(a), Defendant attaches to this Notice of Removal a copy of all process, pleadings, and orders entered in the State Court Action. (*See* **Exhibit A,** attached hereto). No proceedings have occurred in the Circuit Court of the Eleventh Judicial Circuit in Miami-Dade County, Florida (the "State Court") as of the date of this Notice of Removal. Defendant has not answered or moved in response to the Complaint filed by Plaintiff. Defendant hereby reserves all rights to assert any and all defenses and/or objections to the Complaint.

2. <u>Removal is timely</u>. A notice of removal may be filed within 30 days after the defendant is served with a copy of the initial pleading, motion, or other paper from which it may be ascertained that the case is removable. 28 U.S.C. § 1446(b); *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (recognizing that the time for filing a notice of removal does not begin to run until a party has been formally served with the summons and complaint under applicable state law). Plaintiff commenced this action in the State Court on or about May 23, 2022. Defendant was served with a copy of the Complaint on June 24, 2022. Therefore, this removal is timely filed pursuant to 28 U.S.C. § 1446(b) and (c).

3. <u>Removal to proper court</u>. Venue for this action is proper in this Court under 28 U.S.C. § 1441(a) because the Southern District of Florida is the "district and division embracing the place where such action is pending." *See* 28 U.S.C. § 1441(a) and 28 U.S.C. § 89.

4. <u>Notice to state court and adverse parties</u>.  Promptly following the filing of this Notice of Removal, written notice of the removal of this action will be served to Plaintiff's counsel, as required by 28 U.S.C. § 1446(d).  A true and correct copy of this Notice of Removal will also be promptly filed with the State Court, pursuant to 28 U.S.C. § 1446(d).

## II. REMOVAL IS PROPER BECAUSE THIS COURT HAS ORIGINAL JURISDICTION

5. Defendant is permitted to remove to this Court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441.

### A. The Court Has Original Jurisdiction under 28 U.S.C. § 1331

6. Under 28 U.S.C. § 1331, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  Plaintiff's Complaint purports to state civil claims arising under the laws of the United States, namely, the TCPA, 47 U.S.C. § 227 et seq.  Thus, this Court has Federal Question jurisdiction.  *See, e.g.,* 28 U.S.C. § 1331 *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 377 (2012).

### B. The Court Has Original Jurisdiction under 28 U.S.C. § 1332

7. This is also an action involving complete diversity amongst the parties and is a civil action where the matter in controversy exceeds $75,000, exclusive of interest and costs.  Therefore, the Court has original jurisdiction over this action under 28 U.S.C. § 1332(a), and this is an action that Defendant can properly remove pursuant to 28 U.S.C. § 1441.

8. Defendant is now, and was at the time of the filing of this action, a California corporation organized and existing under the laws of the State of California, with its principal place of business in the State of California, and is therefore a citizen of the State of California for purposes of determining diversity.  *See* 28 U.S.C. § 1332(d)(2)(A).

9. Based on information and belief, at all times relevant to this action, Plaintiff—a natural person and resident of Florida—is and has been a citizen of the State of Florida, not the State of California.

10. Additionally, Plaintiff has already plainly stated the number of putative class members exceeds 100. *See* 28 U.S.C. § 1332(d)(5)(B); Compl. ¶ 27 ("Defendant has placed telephonic sales calls to telephone numbers belonging to thousands of consumers.").

11. Defendant denies that Plaintiff's proposed class can meet the requirements of Federal Rule of Civil Procedure 23. However, based on the relief Plaintiff seeks, the aggregate amount in controversy exceeds $5,000,000, exclusive of interest and costs. 28 U.S.C. § 1332(d)(6) ("In any class action, the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs."). *See Taylor v. Certified Legal Funding, Inc.,* No. 8:18-CV-27-EAK-MAP, 2018 WL 3860243, at *1 (M.D. Fla. July 3, 2018) (CAFA's "provisions should be read broadly, with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant.") (internal citations omitted); *Evans v. Walter Indus., Inc.,* 449 F.3d 1159, 1163 (11th Cir. 2006) ("CAFA's language favors federal jurisdiction over class actions.").

12. This amount can be ascertained by reference to the relief requested by the representative Plaintiff and the statutory damages available under the FTSA and TCPA.

13. Plaintiff seeks statutory damages in the amount of $500.00 for each alleged violation of the FTSA pursuant to Fla. Stat. § 501.059(10)(a). Compl. ¶ 42. Plaintiff also seeks statutory damages in the amount of $500.00 for each alleged violation of the TCPA pursuant to 47 U.S.C. § 227(c)(5)(B). Compl. ¶ 48. Plaintiff alleges two violations of the FTSA and two violations of the TCPA caused by two separate text messages. Compl. ¶ 11. Thus Plaintiff

individually seeks $1,000 in statutory damages under the FTSA and $1,000 in statutory damages under the TCPA, totaling $2000.

14. Plaintiff states in his Complaint that "Defendant has placed telephonic sales calls to telephone numbers belonging to thousands of consumers." Compl. ¶ 27. Multiplying the statutory damages by Plaintiff's alleged class size of "thousands of consumers" easily yields statutory damages which would exceed the jurisdictional threshold of $5,000,000 contained in 28 U.S.C. § 1332(d)(6).

15. In addition, if the court finds that Defendant willfully or knowingly violated the FTSA and TCPA the court may treble the damages available under Fla. Stat. § 501.059(10)(a) and 47 U.S.C. § 227(c)(5)(B). *See* Fla. Stat. § 501.059(10)(b); 47 U.S.C. § 227(c)(5)(C). Trebling the alleged statutory damages under the FTSA and TCPA per class member would easily exceed the jurisdictional threshold contained in 28 U.S.C. § 1332(d)(6).

16. Moreover, the calculations above do not include the value of the attorneys' fees available under the FTSA. Attorneys' fees that are authorized by statute count towards the amount in controversy. *See E.S.Y., Inc. v. Scottsdale Ins. Co.*, 217 F. Supp. 3d 1356, 1362 (S.D. Fla. 2015) ("because those [attorneys'] fees are sought pursuant to statute, the Court may properly consider them in the amount-in-controversy inquiry") (citing *Fed. Mut. Ins. Co. v. McKinnon Motors*, LLC, 329 F.3d 805, 808 n. 4 (11th Cir. 2003); *Mo. State Life Ins. Co. v. Jones*, 290 U.S. 199, 202 (1933)). Here, the FTSA provides that "[i]n any civil litigation resulting from a transaction involving a violation of this section, the prevailing party . . . shall receive his or her reasonable attorneys' fees and costs from the nonprevailing party." Fla. Stat. § 501.059(11)(a). The inclusion of attorneys' fees in the calculation of the amount in controversy in a class action like this case further supports the conclusion that the amount in controversy in this case exceeds $5,000,000.

17. In sum, if the proposed class were to prevail on all claims and recover all remedies sought in the Complaint and the Prayer for Relief, then, pursuant to the allegations of the Complaint, the relief awarded in the aggregate would exceed the jurisdictional threshold of $5,000,000 contained in 28 U.S.C. § 1332(d)(6).

18. "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Gonzalez v. Scottsdale Ins. Co.*, No. 18-CV-23738, 2019 WL 7943609, at *1 (S.D. Fla. Mar. 27, 2019) (citations omitted). When the amount in controversy is not clearly specified in the complaint, the court may consider facts in the complaint as well as in the removal petition. *See Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1063 (11th Cir. 2010) (stating that the Court "found no case in any other circuit that purports to prohibit a district court from employing its judicial experience or common sense in discerning whether the allegations in a complaint facially establish the jurisdictionally required amount in controversy."); accord *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997).

19. Based on the foregoing, the State Court Action may also be removed to this Court in accordance with the provisions of 28 U.S.C. §§ 1332 and 1441 *et. seq.* because (1) this is a putative class action within the jurisdiction of this Court; (2) this action is between citizens of different states; (3) the matter involves "thousands" of putative class members; and (4) the amount in controversy exceeds $5,000,000 exclusive of interest and costs.

WHEREFORE, Defendant hereby respectfully removes this action entitled *Heriberto Valiente v. Lifecore Fitness, Inc. dba Assault Fitness,* currently pending in the Circuit Court of the Eleventh Judicial Circuit in Miami-Dade County, Florida, Case Number 2022-009416-CA-01, to the United State District Court for the Southern District of Florida.

DATED: July 22, 2022                    Respectfully submitted,

**/s/Elaine M. Rice**
Elaine M. Rice (FBN: 0549975)
erice@jclaw.com
Bradley F. Kinni (FBN: 1025847)
bkinni@jclaw.com
JOHNSON, CASSIDY, NEWLON
& DECORT, P.A.
2802 N. Howard Avenue
Tampa, Florida 33607
Phone: (813) 291-3300/Fax: (813) 324-4629

*Counsel for Defendant Lifecore Fitness Inc. d/b/a Assault Fitness*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served by E-Mail on July 22, 2022, to all counsel of record on the Service List below.

**/s/ Elaine M. Rice**
Elaine M. Rice, FBN 0066941

## SERVICE LIST

| | |
|---|---|
| SHAMIS & GENTILE P.A.<br>Andrew J. Shamis, Esq.<br>*ashamis@shamisgentile.com*<br>Garrett O. Berg, Esq.<br>*gberg@shamisgentile.com*<br>14 NE 1st Ave., Suite 705<br>Miami, Florida 33132<br>Telephone: 305-479-2299<br><br>*Counsel for Plaintiff and the Class* | EDELSBERG LAW, P.A.<br>Scott Edelsberg, Esq.<br>*scott@edelsberglaw.com*<br>Christopher Gold, Esq.<br>*chris@edelsberglaw.com*<br>20900 NE 30th Ave., Suite 417<br>Aventura, FL 33180<br>Office: (786) 289-9471<br>Direct: (305) 975-3320<br>Fax: (786) 623-0915<br><br>*Counsel for Plaintiff and the Class* |