# EXHIBIT 1

**FORM 1.997.   CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

---

### I.   CASE STYLE

IN THE CIRCUIT/COUNTY COURT OF THE <u>ELEVENTH</u>   JUDICIAL CIRCUIT,
IN AND FOR <u>MIAMI-DADE</u>   COUNTY, FLORIDA

<u>Heriberto Valiente</u>
Plaintiff                                               Case # _____

                                                        Judge  _____

vs.
<u>Lifecore Fitness, Inc.</u>
 Defendant

---

### II.   AMOUNT OF CLAIM

Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

☐ $8,000 or less
☐ $8,001 - $30,000
☐ $30,001- $50,000
☐ $50,001- $75,000
☐ $75,001 - $100,000
☒ over $100,000.00

### III.   TYPE OF CASE   (If the case fits more than one type of case,   select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

**CIRCUIT CIVIL**

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☐ Negligence—other
    ☐ Business governance
    ☐ Business torts
    ☐ Environmental/Toxic tort
    ☐ Third party indemnification
    ☐ Construction defect
    ☐ Mass tort
    ☐ Negligent security
    ☐ Nursing home negligence
    ☐ Premises liability—commercial
    ☐ Premises liability—residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
    ☐ Commercial foreclosure
    ☐ Homestead residential foreclosure
    ☐ Non-homestead residential foreclosure
    ☐ Other real property actions

☐ Professional malpractice
    ☐ Malpractice—business
    ☐ Malpractice—medical
    ☐ Malpractice—other professional
☒ Other
    ☐ Antitrust/Trade regulation
    ☐ Business transactions
    ☐ Constitutional challenge—statute or ordinance
    ☐ Constitutional challenge—proposed amendment
    ☐ Corporate trusts
    ☐ Discrimination—employment or other
    ☐ Insurance claims
    ☐ Intellectual property
    ☐ Libel/Slander
    ☐ Shareholder derivative action
    ☐ Securities litigation
    ☐ Trade secrets
    ☐ Trust litigation

**COUNTY CIVIL**

☐ Small Claims up to $8,000
☐ Civil
☐ Real property/Mortgage foreclosure

☐ Replevins
☐ Evictions
    ☐ Residential Evictions
    ☐ Non-residential Evictions
☐ Other civil (non-monetary)

**COMPLEX BUSINESS COURT**

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

**IV.**     **REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
☒ Nonmonetary declaratory or injunctive relief;
☐ Punitive

**V.**     **NUMBER OF CAUSES OF ACTION:** [  ]
(Specify)

  2

**VI.**     **IS THIS CASE A CLASS ACTION LAWSUIT?**
    ☒ yes
    ☐ no

**VII.**     **HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
    ☒ no
    ☐ yes If "yes," list all related cases by name, case number, and court.

**VIII.**     **IS JURY TRIAL DEMANDED IN COMPLAINT?**
    ☒ yes
    ☐ no

**IX.**     **DOES THIS CASE INVOLVE ALLEGATIONS OF SEXUAL ABUSE?**
    ☐ yes
    ☒ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: s/ Angelica Gentile Gentile      Fla. Bar # 102630
    Attorney or party      (Bar # if attorney)

Angelica Gentile Gentile      05/23/2022
 (type or print name)      Date

- 3 -

**IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT**
**IN AND FOR MIAMI-DADE COUNTY, FLORIDA**

HERIBERTO VALIENTE, individually and on
behalf of all others similarly situated,

    *Plaintiff*,

vs.

LIFECORE FITNESS, INC. d/b/a ASSAULT
FITNESS,

    *Defendant*.

_____/

          **CLASS ACTION**

          **Case No.**

        **JURY TRIAL DEMANDED**

## CLASS ACTION COMPLAINT

Plaintiff Heriberto Valiente brings this class action against Defendant, LifeCore Fitness, Inc. d/b/a Assault Fitness and alleges as follows upon personal knowledge as to Plaintiff and Plaintiff's own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by Plaintiff's attorneys.

## NATURE OF THE ACTION

1.      This is a class action under the 47 U.S.C. § 227 et seq., the Telephone Consumer Protection Act ("TCPA") and under the Florida Telephone Solicitation Act ("FTSA"), Fla. Stat. § 501.059, as amended by Senate Bill No. 1120.[1]

2.      Defendant is a retailer that manufactures and sells fitness equipment.

3.      To promote its goods and services, Defendant engages in aggressive telephonic sales calls to consumers without having secured prior express written consent as required under the FTSA, and with no regards for consumers' rights under the TCPA.

---

[1] The amendment to the FTSA became effective on July 1, 2021.

4.     Defendant's telephonic sales calls have caused Plaintiff and the Class members harm, including violations of their statutory rights, statutory damages, annoyance, nuisance, and invasion of their privacy.

5.     Through this action, Plaintiff seeks an injunction and statutory damages on behalf of himself and the Class members, as defined below, and any other available legal or equitable remedies resulting from the unlawful actions of Defendant.

## PARTIES

6.     Plaintiff is, and at all times relevant hereto was, an individual and a "called party" as defined by Fla. Stat. § 501.059(1)(a) in that he was the regular user of telephone number 305-***-7973 (the "7973 Number") that received Defendant's telephonic sales call.

7.     Defendant is, and at all times relevant hereto was, a California corporation and a "telephone solicitor" as defined by Fla. Stat. § 501.059(f).  Defendant maintains its primary place of business and headquarters in Carlsbad, California. Defendant directs, markets, and provides business activities throughout the State of Florida and the United States.

## JURISDICTION AND VENUE

8.     This Court has subject matter jurisdiction pursuant to Florida Rule of Civil Procedure 1.220 and Fla. Stat. § 26.012(2). The matter in controversy exceeds the sum or value of $30,000 exclusive of interest, costs, and attorney's fees.

9.      Defendant is subject to personal jurisdiction in Florida because this suit arises out of and relates to Defendant's contacts with this state. Defendant made or caused to be made telephonic sales calls into Florida without the requisite prior express written consent in violation of the FTSA.  Plaintiff received such calls while residing in and physically present in Miami-Dade County, Florida.

2

10.     Venue for this action is proper in this Court pursuant to Fla. Stat. § 47.051 because Defendant (1) is a California corporation doing business in this judicial circuit; and (2) all facts giving rise to this action occurred in this circuit.

## FACTS

11.     On or about March 31, 2022 and April 2, 2022, Defendant sent unsolicited telephonic sales calls to Plaintiff's cellular telephone number:



12.     As demonstrated by the above screenshot, the purpose of Defendant's telephonic sales calls was to solicit the sale of consumer goods and/or services. The messages contained language such as "Check out elite fitness equipment & maximize your performance today."

13.    Defendant's calls were not made for an emergency purpose or to collect on a debt pursuant to 47 U.S.C. § 227(b)(1)(B).

14.    Defendant's calls were transmitted to Plaintiff's cellular telephone, and within the time frame relevant to this action.

15.    Defendant's calls constitute telemarketing because they encouraged the future purchase or investment in property, goods, or services, i.e., selling Plaintiff fitness equipment.

16.    Defendant's calls did not disclose the name of the individual caller pursuant to 47 C.F.R. § 64.1200(d)(4).

17.    Defendant's calls did not disclose the legal name of the entity – LifeCore Fitness, Inc. –   on whose behalf the call was being made pursuant to 47 C.F.R. § 64.1200(d)(4).

18.    At no point in time did Plaintiff provide Defendant with his express written consent to be contacted.

19.    Upon information and belief, Defendant caused similar telephonic sales calls to be sent to individuals residing in Florida and throughout the United States.

20.    To transmit the above telephonic sales calls, Defendant utilized a computer software system that automatically selected and dialed Plaintiff's and the Class members' telephone numbers.

21.    Plaintiff never provided Defendant with express written consent authorizing Defendant to transmit telephonic sales calls to Plaintiff's cellular telephone number utilizing an automated system for the selection or dialing of telephone numbers.

22.    The text messages originated from telephone number (844) 594-1977, a number which upon information and belief is owned and operated by Defendant or on behalf of Defendant.

4

23. The TCPA prohibits callers from telemarketing to a telephone subscriber without disclosing the name of the individual caller, the name of the person or entity on whose behalf the call is being made, and a telephone number or address at which the person or entity may be contacted. 47 C.F.R. § 64.1200(d)(4).

24. Defendant's telephonic sales calls caused Plaintiff and the Class members harm, including statutory damages, inconvenience, invasion of privacy, aggravation, annoyance.

## CLASS ALLEGATIONS

### PROPOSED CLASS

25. Plaintiff brings this lawsuit as a class action on behalf of himself individually and on behalf of all other similarly situated persons as a class action pursuant to Florida Rule of Civil Procedure 1.220(b)(2) and (b)(3). The "Class" that Plaintiff seeks to represent is defined as:

> **No Consent Class: All persons in Florida who, (1) were sent a telephonic sales call regarding Defendant's goods and/or services, (2) using the same equipment or type of equipment utilized to call Plaintiff.**

> **Seller Identification Class: All persons within the United States who, within the four years prior to the filing of this Complaint through the date of class certification, (1) received two or more text messages within any 12-month period, (2) regarding Defendant's property, goods, and/or services, (3) to said person's residential telephone number, (4) that did not disclose the name of the individual caller, the name of the person or entity on whose behalf the call is being made, or a telephone number or address at which the person or entity may be contacted.**

26. Defendant and its employees or agents are excluded from the Class. Plaintiff does not know the exact number of members in the Class but believes the Class members number in the several thousands, if not more.

### NUMEROSITY

27.     Upon information and belief, Defendant has placed telephonic sales calls to telephone numbers belonging to thousands of consumers listed throughout Florida without their prior express written consent and without properly disclosing the identification of the seller/sender. The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

28.     The exact number and identities of the Class members are unknown at this time and can be ascertained only through discovery. Identification of the Class members is a matter capable of ministerial determination from Defendant's call records.

**COMMON QUESTIONS OF LAW AND FACT**

29.     There are numerous questions of law and fact common to the Class which predominate over any questions affecting only individual members of the Class. Among the questions of law and fact common to the Class are:

[1] Whether Defendant initiated telephonic sales calls to Plaintiff and the Class members;

[2] Whether Defendant can meet its burden of showing that it had prior express written consent to make such calls;

[3] Whether Defendant violated 47 C.F.R. § 64.1200(d);

[7] Whether Defendant's conduct was knowing and willful; and

[8] Whether Defendant is liable for damages, and the amount of such damages.

30.     The common questions in this case are capable of having common answers.  If Plaintiff's claim that Defendant routinely transmits telephonic sales calls without prior express written consent is accurate, Plaintiff and the Class members will have identical claims capable of being efficiently adjudicated and administered in this case.

**TYPICALITY**

31.     Plaintiff's claims are typical of the claims of the Class members, as they are all based on the same factual and legal theories.

### PROTECTING THE INTERESTS OF THE CLASS MEMBERS

32.     Plaintiff is a representative who will fully and adequately assert and protect the interests of the Class and has retained competent counsel. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Class.

### SUPERIORITY

33.     A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit because individual litigation of the claims of all members of the Class is economically unfeasible and procedurally impracticable. While the aggregate damages sustained by the Class are in the millions of dollars, the individual damages incurred by each member of the Class resulting from Defendant's wrongful conduct are too small to warrant the expense of individual lawsuits. The likelihood of individual Class members prosecuting their own separate claims is remote, and, even if every member of the Class could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases.

34.     The prosecution of separate actions by members of the Class would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant. For example, one court might enjoin Defendant from performing the challenged acts, whereas another may not. Additionally, individual actions may be dispositive of the interests of the Class, although certain class members are not parties to such actions.

**COUNT I**
**VIOLATION OF FLA. STAT. § 501.059**
**(On Behalf of Plaintiff and the No Consent Class)**

7

35.     Plaintiff re-alleges and incorporates the foregoing allegations as if fully set forth herein.

36.     It is a violation of the FTSA to "make or knowingly allow a telephonic sales call to be made if such call involves an automated system for the selection or dialing of telephone numbers or the playing of a recorded message when a connection is completed to a number called without the prior express written consent of the called party."  Fla. Stat. § 501.059(8)(a).

37.     A "telephonic sales call" is defined as a "telephone call, text message, or voicemail transmission to a consumer for the purpose of soliciting a sale of any consumer goods or services, soliciting an extension of credit for consumer goods or services, or obtaining information that will or may be used for the direct solicitation of a sale of consumer goods or services or an extension of credit for such purposes."  Fla. Stat. § 501.059(1)(g).

38.     "Prior express written consent" means an agreement in writing that:

1.  Bears the signature of the called party;

2.  Clearly authorizes the person making or allowing the placement of a telephonic sales call by telephone call, text message, or voicemail transmission to deliver or cause to be delivered to the called party a telephonic sales call using an automated system for the selection or dialing of telephone numbers, the playing of a recorded message when a connection is completed to a number called, or the transmission of a prerecorded voicemail;

3.  Includes the telephone number to which the signatory authorizes a telephonic sales call to be delivered; and

4.  Includes a clear and conspicuous disclosure informing the called party that:

    a.  By executing the agreement, the called party authorizes the person making or allowing the placement of a telephonic sales call to deliver or cause to be delivered a telephonic sales call to the called party using an automated system for the selection or dialing of telephone numbers or the playing of a recorded message when a connection is completed to a number called; and

8

        b.   He or she is not required to directly or indirectly sign the written agreement or to agree to enter into such an agreement as a condition of purchasing any property, goods, or services.

Fla. Stat. § 501.059(1)(g).

39.     Defendant failed to secure prior express written consent from Plaintiff and the Class members.

40.     In violation of the FTSA, Defendant made and/or knowingly allowed telephonic sales calls to be made to Plaintiff and the Class members without Plaintiff's and the Class members' prior express written consent.

41.     Defendant made and/or knowingly allowed the telephonic sales calls to Plaintiff and the Class members to be made utilizing an automated system for the selection or dialing of telephone numbers.

42.     As a result of Defendant's conduct, and pursuant to § 501.059(10)(a) of the FTSA, Plaintiff and Class members were harmed and are each entitled to a minimum of $500.00 in damages for each violation.  Plaintiff and the Class members are also entitled to an injunction against future calls. *Id.*

## COUNT II
### VIOLATION OF 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d)
**(Individually and on behalf of the Seller Identification Class)**

43.     Plaintiff re-alleges and incorporates paragraphs 1-34 as if fully set forth herein.

44.     Under 47 C.F.R. § 64.1200(d), "[n]o person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity. The procedures instituted must meet certain minimum standards, including:

(4) **Identification of sellers and telemarketers.** A person or entity making a call for telemarketing purposes must provide the called party with the name of the individual caller, the name of the person or entity on whose behalf the call is being made, and a telephone number or address at which the person or entity may be contacted.

47 C.F.R. § 64.1200(d)(4).

45.     Under 47 C.F.R § 64.1200(e) the rules set forth in 47 C.F.R. § 64.1200(d) are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers:

(e) The rules set forth in paragraph (c) and (d) of this section are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers to the extent described in the Commission's Report and Order, CG Docket No. 02-278, FCC 03-153, "Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991.

47 C.F.R. § 64.1200(e).

46.     Pursuant to 47 C.F.R. § 64.1200(d)(4), Defendant's contact of Plaintiff's cellular phone without disclosing the name of the individual caller constitutes a violation of 47 U.S.C. § 227(c).

47.     Pursuant to 47 C.F.R. § 64.1200(d)(4), Defendant's contact of Plaintiff's cellular phone without disclosing the name of the entity on whose behalf the call is being made constitutes a violation of 47 U.S.C. § 227(c).

48.     As a result of Defendant's violations of 47 U.S.C. § 227(c) Plaintiff and the Seller Identification Class members are entitled to an award of $500.00 in statutory damages, for each and every negligent violation, pursuant to 47 U.S.C. § 227(c)(5)(B).

49.     As a result of Defendant's violations of 47 U.S.C. § 227(c), Plaintiff and the Seller Identification Class members are entitled to an award of $1,500.00 in statutory damages, for each and every knowing and/or willful violation, pursuant to 47 U.S.C. § 227(c)(5)(B).

50.     Plaintiff and the Seller Identification Class members are also entitled to and seek injunctive relief prohibiting Defendant's illegal conduct in the future, pursuant to 47 U.S.C. § 227(c)(5).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

   a)   An order certifying this case as a class action on behalf of the Class as defined above, and appointing Plaintiff as the representative of the Class and Plaintiff's counsel as Class Counsel;

   b)   An award of statutory damages for Plaintiff and each member of the Class;

   c)   An order declaring that Defendant's actions, as set out above, violate the FTSA;

   d)   An order declaring that Defendant's actions, set out above, violate the TCPA;

   e)   An injunction requiring Defendant to cease all telephonic sales calls made without express written consent, and to otherwise protect the interests of the Class;

   f)   Such further and other relief as the Court deems necessary.

## JURY DEMAND

Plaintiff, individually and on behalf of the Class, hereby demand a trial by jury.

## DOCUMENT PRESERVATION DEMAND

Plaintiff demands that Defendant take affirmative steps to preserve all records, lists, electronic databases or other itemization of telephone numbers associated with the communications or transmittal of the calls as alleged herein.

Dated: May 23, 2022

                              Respectfully Submitted,

                              **SHAMIS & GENTILE P.A.**

11

/s/ Andrew Shamis
Andrew J. Shamis, Esq.
Florida Bar No. 101754
ashamis@shamisgentile.com
/s/ Garrett Berg
Garrett O. Berg, Esq.
Florida Bar No. 1000427
gberg@shamisgentile.com
14 NE 1st Ave., Suite 705
Miami, Florida 33132
Telephone: 305-479-2299

**EDELSBERG LAW, P.A.**
Scott Edelsberg, Esq.
Florida Bar No. 0100537
Christopher Gold, Esq.
Florida Bar No. 088733
scott@edelsberglaw.com
chris@edelsberglaw.com
20900 NE 30th Ave., Suite 417
Aventura, FL 33180
Office: (786) 289-9471
Direct: (305) 975-3320
Fax: (786) 623-0915

*Counsel for Plaintiff and the Class.*

**IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT**
**IN AND FOR MIAMI-DADE COUNTY, FLORIDA**

**CASE NO. 2022-009416-CA-01**

HERIBERTO VALIENTE, individually and on                    CLASS ACTION
behalf of all others similarly situated,

    *Plaintiff*,                                                                      JURY TRIAL DEMANDED

vs.

LIFECORE FITNESS, INC. d/b/a ASSAULT
FITNESS,

    *Defendant*.

_____/

**<u>SUMMONS</u>**

THE STATE OF FLORIDA:
To Each Sheriff/Certified Process Server of the State:

      **YOU ARE COMMANDED** to serve this summons and a copy of the Complaint, in this action on Defendant:

          Lifecore Fitness, Inc d/b/a Assault Fitness.
          Attn: Traci Bates- Registered Agent
          5803 Newton Drive, Suite B
          Carlsbad, CA 92008

      Each Defendant is required to serve written defenses to the Complaint or petition on**: Andrew Shamis, Esq, Shamis & Gentile, P.A., 14 NE 1st Ave STE 705, Miami, Florida 33132**, within **twenty (20) days** after service of this summons on that Defendant, exclusive of the date of service, and to file the original of the defenses with the Clerk of this Court either before service on Plaintiff's attorney or immediately thereafter. If a Defendant fails to do so, a default will be entered against that Defendant for the relief demanded in the complaint or petition.

Dated this _____ day of _____, 2022.

                            As Clerk of the Court

                            By: _____
                                As Deputy Clerk

**IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT**
**IN AND FOR MIAMI-DADE COUNTY, FLORIDA**

**CASE NO. 2022-009416-CA-01**

HERIBERTO VALIENTE, individually and on
behalf of all others similarly situated,

CLASS ACTION

    *Plaintiff*,

JURY TRIAL DEMANDED

vs.

LIFECORE FITNESS, INC. d/b/a ASSAULT
FITNESS,

    *Defendant*.

_____/

### SUMMONS

THE STATE OF FLORIDA:
To Each Sheriff/Certified Process Server of the State:

    **YOU ARE COMMANDED** to serve this summons and a copy of the Complaint, in this action on Defendant:

        Lifecore Fitness, Inc d/b/a Assault Fitness.
        Attn: Traci Bates- Registered Agent
        5803 Newton Drive, Suite B
        Carlsbad, CA 92008

    Each Defendant is required to serve written defenses to the Complaint or petition on**: Andrew Shamis, Esq, Shamis & Gentile, P.A., 14 NE 1st Ave STE 705, Miami, Florida 33132**, within **twenty (20) days** after service of this summons on that Defendant, exclusive of the date of service, and to file the original of the defenses with the Clerk of this Court either before service on Plaintiff's attorney or immediately thereafter. If a Defendant fails to do so, a default will be entered against that Defendant for the relief demanded in the complaint or petition.

        6/10/2022

Dated this _____ day of _____, 2022.

                As Clerk of the Court

                By: _____ 307965
                        As Deputy Clerk

**IN THE CIRCUIT COURT OF THE 11TH JUDICIAL CIRCUIT FOR MIAMI-DADE COUNTY, FLORIDA**

Heriberto Valiente

              Plaintiff

         v.

Lifecore Fitness, Inc d/b/a Assult Fitness

              Defendant

Case No.:2022-009416-CA-01

AFFIDAVIT OF SUBSTITUTED SERVICE

That I, Rolando Benitez hereby solemnly affirm under penalties of perjury and upon personal knowledge that the contents of the following document are true and do affirm I am a competent person over 18 years of age, not a party to this action and that I am certified and in good standing and/or authorized to serve process in the Judicial Circuit in which the process was served.

That on 6/24/2022 at 9:44 AM at 5803 Newton Dr Ste B, Carlsbad, CA 92008-7380 I served Lifecore Fitness, Inc d/b/a Assult Fitness with the following list of documents: Summons; Class Action Complaint; by then and there personally delivering a true and correct copy of the documents into the hands of and leaving with Marcus whose relationship is manager.

That the description of the person actually served is as follows: Gender: Male Skin: African American Age: 41-45 Height: 5'7 - 6'0 Weight: 181-200 Lbs Hair: Bald  Eyes: Brown Marks:

That the person with whom the documents were left with was at least 18 years of age apparently in charge at the office or usual place of business of the person served.  I informed him/her of the general nature of the papers.

That I asked the person spoken to whether the Servee was in the active duty military service of the United States or in the state in which this service was made and was told ☒ No they were not ☐ Yes they are ☐ No answer was given.

That if required, a copy of said documents was mailed postpaid, sealed wrapper, properly addressed to Lifecore Fitness, Inc d/b/a Assult Fitness at 5803 Newton Dr Ste B, Carlsbad, CA 92008-7380 on 6/24/2022 following all requirements of the State Rules in which the above captioned case is filed.


That the fee for this Service is


_____
Rolando Benitez
Contracted by Global Process Services
P.O. Box 961556
Miami, FL 33296

6/24/2022
_____
Executed On:



Order #:30581
Their File 22-1228

**IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT**
**IN AND FOR MIAMI-DADE COUNTY, FLORIDA**

**CASE NO. 2022-009416-CA-01**

HERIBERTO VALIENTE, individually and on behalf of all others similarly situated,

CLASS ACTION

    *Plaintiff*,

JURY TRIAL DEMANDED

vs.

LIFECORE FITNESS, INC. d/b/a ASSAULT FITNESS,

    *Defendant*.

_____/

**SUMMONS**

THE STATE OF FLORIDA:
To Each Sheriff/Certified Process Server of the State:

    **YOU ARE COMMANDED** to serve this summons and a copy of the Complaint, in this action on Defendant:

        Lifecore Fitness, Inc d/b/a Assault Fitness.
        Attn: Traci Bates- Registered Agent
        5803 Newton Drive, Suite B
        Carlsbad, CA 92008

    Each Defendant is required to serve written defenses to the Complaint or petition on**: Andrew Shamis, Esq, Shamis & Gentile, P.A., 14 NE 1st Ave STE 705, Miami, Florida 33132**, within **twenty (20) days** after service of this summons on that Defendant, exclusive of the date of service, and to file the original of the defenses with the Clerk of this Court either before service on Plaintiff's attorney or immediately thereafter. If a Defendant fails to do so, a default will be entered against that Defendant for the relief demanded in the complaint or petition.

                6/10/2022

Dated this _____ day of _____, 2022.

                As Clerk of the Court

                By: _____ 307965
                      As Deputy Clerk

**IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL
CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA**

HERIBERTO VALIENTE, individually and on
behalf of all others similarly situated,

      Plaintiffs,

Case No. 2022-009416-CA-01

LIFECORE FITNESS, INC. d/b/a ASSAULT
FITNESS,

      Defendant.

_____/

<u>**NOTICE OF APPEARANCE AND DESIGNATION OF E-MAIL ADDRESSES**</u>

    Elaine M. Rice, Esquire, of the law firm Johnson, Cassidy, Newlon & DeCort, P.A., hereby

files this Notice of Appearance as counsel of record on behalf of Defendant, LIFECORE

FITNESS, INC. d/b/a ASSAULT FITNESS ("Defendant") in the above-styled cause.

    Pursuant to Fla. R. Jud. Admin. 2.516(b)(1), the undersigned counsel hereby designates the

following primary and secondary email addresses:

**Elaine M. Rice, Esquire**

Primary email: erice@jclaw.com

Secondary email: mhill@jclaw.com

    All papers and pleadings filed in this action, as well as all other correspondence directed

to Defendant, should utilize both the primary and secondary email addresses set forth above, along

with the previously designated counsels' primary and secondary email addresses.

**[signature appears on following page]**

Dated: July 14, 2022.

Respectfully submitted,

*/s/ Elaine M. Rice*
ELAINE M. RICE, FBN: 0549975
Primary: erice@jclaw.com
Secondary: mhill@jclaw.com
**JOHNSON, CASSIDY,**
**NEWLON & DECORT, P.A.**
2802 N. Howard Avenue
Tampa, Florida 33607
Telephone (813) 291-3957
Facsimile: (813) 320-1656
*Counsel for Defendant Lifecore Fitness Inc. d/b/a*
*Assault Fitness*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 14, 2022 a true and correct copy of the foregoing was filed with the Clerk of the Court using the Florida Court's E-Filing Portal which will serve notification of filing upon all parties on record.

*/s/ Elaine M. Rice*
Attorney

2