United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Heriberto Valiente, individually and on behalf of all others similarly situated, Plaintiffs, <br><br> v. <br><br> Lifecore Fitness, Inc., doing business as Assault Fitness, Defendant. | Civil Action No. 22-22294-Civ-Scola |

### Order to Show Cause

Plaintiff Heriberto Valiente, individually and on behalf of all others similarly situated, complains Defendant Lifecore Fitness, Inc., doing business as Assault Fitness, violated both the federal Telephone Consumer Protection Act and the Florida Telephone Solicitation Act by sending him unsolicited text messages, marketing its products. (Compl., ECF No. 1-1.) Assault Fitness has answered the complaint but now asks the Court, on an expedited basis, to stay the execution of a discovery order compelling its production of various discovery responses and to modify the Court's scheduling order in various ways. (Def.'s Mot., ECF No. 31.) In evaluating that motion, Valiente's response thereto, and the record in this case, the Court is uncertain whether it has subject-matter jurisdiction over this action.

As this Court and several other district courts in Florida have concluded, the irritation of receiving a handful of unsolicited text is "qualitatively insufficient" to establish a concrete injury for the purposes of Article III standing. *Fontanez v. Wolverine World Wide, Inc.*, 8:22-CV-2538-KKM-TGW, 2022 WL 17959844, at *2 (M.D. Fla. Dec. 27, 2022) (citing *Iuliano v. United Health Group, Inc.*, No. 22-cv-2299 (M.D. Fla. Dec. 9, 2022), which remanded a putative class-action FTSA case for lack of standing where the plaintiff received four texts); *Frater v. Lend Smart Mortg., LLC*, No. 22-22168, 2022 WL 4483753, at *4 (S.D. Fla. Sept. 27, 2022) (Scola, J.), which dismissed a similar case, noting that "a conclusory recitation of harms like 'annoyance,' 'aggravation,' and 'wasted time,'" are insufficient to establish a concrete injury in fact even if a plaintiff is "bombarded" with text messages; *Mittenthal v. Fla. Panthers Hockey Club, Ltd.*, 472 F. Supp. 3d 1211, 1216, 1225 (S.D. Fla. July 14, 2020) (Altman, J.), which remanded a TCPA case for lack of standing where the plaintiffs received "around 10" text messages; and *Eldridge v. Pet Supermarket Inc.*, 446 F. Supp. 3d 1063, 1070, 1072 (S.D. Fla. March 9, 2020) (Williams, J.)

which remanded a putative TCPA class action case for lack of standing where the plaintiff received five text messages); *see also Muccio v. Glob. Motivation, Inc.*, 22-81004-CIV, 2022 WL 17969922, at *3 (S.D. Fla. Dec. 27, 2022) (Cannon, J.) (dismissing a case nearly identical to this one for a lack of Article III standing). Since it does not appear from the complaint that Valiente has alleged a concrete injury-in-fact sufficient to establish standing, it appears the Court's jurisdiction over this case is lacking. *See Salcedo v. Hanna*, 936 F.3d 1162, 1172 (11th Cir. 2019) ("Article III standing is not a 'You must be this tall to ride' measuring stick.").

Accordingly, and in light of the persuasive analysis set forth in the district court cases and the binding precedent of the Eleventh Circuit case, cited above, the Court orders the parties, on or before **January 26, 2023**, to **show cause** (jointly, if they are in agreement; separately if they are not) why this case should not be remanded back to state court. In the meantime, the Court stays this case and any of its deadlines, holding in abeyance any ruling on Assault Fitness's expedited motion (ECF No. 31)[1] regarding discovery and other deadlines.

**Done and ordered** at Miami, Florida on January 19, 2023.

_____
Robert N. Scola, Jr.
United States District Judge

---

[1] The Court has taken a preliminary peek at the motion and advises Assault Fitness that the requested relief is unlikely to be granted, save for the delay occasioned by this order. Assault Fitness should therefore be prepared to swiftly comply with its discovery and scheduling obligations should the parties ultimately establish the Court's jurisdiction over this case, warding off remand, once the stay is lifted.